IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KRYSTAL MIJARES AND MELISSA ALVARADO,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | EP-15-CV-353-KC |
| **COUNTY OF EL PASO,** | § § § | |
| Defendant. | § | |

## ORDER

On this day the Court considered Plaintiffs' Memorandum of Law, ECF No. 8, arguing that this Court has subject matter jurisdiction over Plaintiffs' claims in the above-captioned case. For the reasons set forth below, the Court finds that it does not have subject matter jurisdiction and dismisses the case.

### I.   BACKGROUND

In July 2012, Plaintiffs brought suit against Defendant in County Court at Law No. Six, and this suit was removed to federal court before United States District Judge Frank Montalvo. *See* Compl., ECF No. 1, at ¶ 7.  The parties entered into a settlement agreement ("Settlement Agreement") in this suit in May 2013.  *Id.* at ¶ 10.  After entering the Settlement Agreement, the parties filed a Joint Stipulation to Dismiss in Judge Montalvo's court.  *Id.* at ¶ 16.  Judge Montalvo then issued an Order Entering Joint Stipulation of Dismissal, which stated, "The parties agree that the United States District Court for the Western District of Texas **SHALL** retain jurisdiction for purposes of enforcing the settlement agreement between and among the parties."  Compl., Ex. B, June 13, 2013, Order Entering Joint Stipulation of Dismissal, EP-12-CV-325-FM ("Order on Joint Stip."), ECF No. 1-2, at ¶ 4.

Plaintiffs filed the instant suit on November 25, 2015, asserting claims involving the Settlement Agreement from the prior suit.  *See* Compl.  On December 2, 2015, the Court ordered the parties to "brief the issue of the basis for the Court's subject matter jurisdiction, with citation to relevant legal authority, on or before December 23, 2015."  Dec. 2, 2015, Order, ECF No. 4, at 2.  On December 23, 2015, Plaintiffs filed their Memorandum of Law, addressing the issue of subject matter jurisdiction.  *See* Mem. Law.  To date, Defendant has failed to file a brief addressing whether this Court has subject matter jurisdiction over the claims.

## II.   DISCUSSION

In the Complaint, Plaintiffs assert five theories of recovery against Defendant regarding the Settlement Agreement: 1) breach of contract, 2) conversion, 3) fraud, 4) fraudulent inducement, and 5) negligent and intentional misrepresentation.  *See* Compl. ¶¶ 23-40.  In their Memorandum of Law, Plaintiffs argue that because "[t]he parties agreed that the court would retain jurisdiction over matters of the settlement agreement[,] . . . the Western District of Texas, specifically, Judge Frank Montalvo, has properly retained jurisdiction and is in strict compliance with the courts' holdings."  Mem. Law 5.  Plaintiffs further argue that this Court has ancillary jurisdiction over these claims because in the prior federal suit, Judge Montalvo "expressly retained ancillary jurisdiction 'for the purposes of enforcing the settlement agreement between and among the parties.'"  Mem. Law 4-5 (quoting Order on Joint Stip. ¶ 4.).  Plaintiffs assert that, because Judge Montalvo retained jurisdiction to enforce the settlement agreement, this Court has jurisdiction over all of their claims because they "are all related to the breach of the settlement agreement."  Mem. Law 5.

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited

jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).  Under the doctrine of ancillary jurisdiction, federal courts have "jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id.* at 378.  A federal court may elect to retain ancillary jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (internal citations omitted).  Ultimately, however, the trial judge retains jurisdiction over whether to exercise ancillary jurisdiction. *Triple S Properties Inc. v. St. Paul Surplus Lines Ins. Co.*, No. 3:08-CV-796-O, 2010 WL 3911422, at *4 (N.D. Tex. Oct. 5, 2010) ("Ancillary jurisdiction is a discretionary doctrine . . . .") (citing *Birmingham Fire Ins. Co. of Pa. v. Winegardner & Hammons, Inc.*, 714 F.2d 548, 550-51 (5th Cir. 1983)).

Generally, "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.  However, under the doctrine of ancillary jurisdiction, a federal court may elect to retain jurisdiction to enforce a settlement agreement "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381.  If the court chooses to do this, "ancillary jurisdiction to enforce the agreement would therefore exist." *Id.*; *see SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462-63 (5th Cir. 2010) (explaining that, in order to effectively retain ancillary jurisdiction to enforce a settlement agreement, "a district court may incorporate or embody the terms of a settlement agreement in a dismissal order or expressly retain jurisdiction

over a settlement agreement by clearly indicating such intent in a dismissal order"). However, this type of ancillary jurisdiction is limited to the enforcement of a settlement agreement. *See Triple S Properties*, 2010 WL 3911422, at *3. Thus, ancillary jurisdiction does not extend to claims that are merely related to the enforcement of a settlement agreement. *See id.*

In *Triple S Properties*, the district court found that it properly "retained jurisdiction to enforce the terms of the settlement agreement," but that it did not have jurisdiction over claims— all related to the settlement agreement—of breach of contract, unfair settlement practices, fraud, mistake, and accident. *See id.* The court explained that the claims for breach of contract and unfair settlement practices "constitute[d] a new dispute, rather than simple enforcement of the settlement agreement." *Id.* Likewise, the court found that "[a]djudicating the issues of fraud, mistake and accident would not constitute enforcing the settlement agreement." *Id.* (stating that the connection between the claims of fraud, mistake and accident "and the Court's retention of jurisdiction over the settlement agreement [is] too attenuated to justify assertion of ancillary jurisdiction under the strict standards articulated in *Kokkonen* and *SmallBizPros*"). Accordingly, the court found that it did not have jurisdiction over these claims. *Id.* (explaining that ancillary jurisdiction "is not limitless and does not require or invite the Court to decide all the issues presented").

In the instant case, as in *Triple S Properties*, Plaintiffs' claims of breach of contract, conversion, fraud, fraudulent inducement, and negligent and intentional misrepresentation involve more than the enforcement of the Settlement Agreement, and this Court does not have ancillary jurisdiction over the claims simply because they are related to the enforcement of the Settlement Agreement. *See id.* Thus, this Court lacks ancillary jurisdiction over Plaintiffs' claims. *See id.*

Further, even if the Court could properly exercise ancillary jurisdiction over Plaintiffs' claims, ancillary jurisdiction is discretionary. *See id.* at *4 ("Even if [the plaintiff's claims] did properly fall under this Court's ancillary jurisdiction, the Court declines to exercise such jurisdiction."). Therefore, to the extent that it could exercise jurisdiction, the Court declines to do so in this case.

Finally, the Court notes that in the prior case Judge Montalvo may have retained subject matter jurisdiction to enforce the settlement agreement under the doctrine of ancillary jurisdiction. *See Kokkonen*, 511 U.S. at 381; *SmallBizPros*, 618 F.3d at 462-63. However, where ancillary jurisdiction allows a court to "manage its proceedings, vindicate its authority, and effectuate its decrees," *see Kokkonen*, 511 U.S. at 380, the doctrine provides for the same court to retain jurisdiction in order to enforce its own orders—not a different court. Thus, to the extent that Plaintiffs may have stated a claim for enforcement of the Settlement Agreement, this Court does not have jurisdiction over this claim. Instead, if jurisdiction exists, it would exist to enforce the Settlement Agreement in Judge Montalvo's court in the cause in which the Settlement Agreement was filed.

Accordingly, it is hereby **ORDERED** that Plaintiffs' claims are **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED.**

**SIGNED this 15th day of January, 2016.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE